UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL JONES,

        Plaintiff,

v.

RICHARD A. HANDLON
CORRECTIONAL FACILITY et al.,

        Defendants.
_____/

Case No. 1:24-cv-248

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim and as frivolous.

## Discussion

**I.**     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues MTU itself, as well as MTU Correctional Officer Unknown Amsley.

In his complaint, Plaintiff states, in sum: "On or about February 4[,] 2024[,] I was refused a breakfast meal by MDOC staff around 7 AM. I proceeded with mass movement until I was stopped to be refused a meal." (Compl., ECF No. 1, PageID.3.) The Court construes Plaintiff's complaint to assert an Eighth Amendment claim premised upon the denial of a meal. Plaintiff indicates that he is "seeking the grand prize," which the Court construes as a request for monetary damages. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Against Defendant MTU

Plaintiff lists "MTU Correctional Facility" as a Defendant in the caption of his complaint. MTU, however, is not a proper defendant. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). MTU is an administrative unit of the MDOC. Neither a prison nor a state corrections department is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against Defendant MTU is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984), *superseded by statute on other grounds*, 28 U.S.C. § 1367. A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Est. of Ritter v. Univ. of Mich.*, 851 F.2d 846, 852 (6th Cir. 1988). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v.*

3

*Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Accordingly, for these reasons, MTU is not subject to a § 1983 action and will be dismissed.

  **B.**  **Claims Against Defendant Amsley**

Initially, the Court notes that Plaintiff fails to allege any wrongdoing on the part of Defendant Amsley. Other than naming Amsley in the case caption and the list of defendants, Plaintiff fails to name Amsley in the body of his complaint. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Moreover, to the extent Defendant Amsley was the individual who denied Plaintiff breakfast on February 4, 2024, Plaintiff cannot maintain an Eighth Amendment claim premised upon that incident. "The Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food . . . ." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir.

1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation, where the prisoner fails to allege that his health suffered); *see also Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim). Plaintiff's allegation that he missed one breakfast falls short of stating a claim under the objective prong of the deliberate indifference standard.

### III. Duplicative Filing

In addition to the above-discussed reasons for dismissal of this action, Plaintiff's action is subject to dismissal as duplicative of prior cases filed by Plaintiff, which remain pending in this Court.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001);

5

*Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021

6

(holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Here, Plaintiff's claim regarding the denial of breakfast on February 4, 2024, is presented in two of Plaintiff's prior actions, both of which are pending in this Court: (i) *Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich.),[1] and (ii) *Jones v. People of the State of Michigan et al.*, No. 1:24-cv-217 (W.D. Mich.).[2]

Considering the substantial similarities between the legal claims and factual allegations in the present action and in Plaintiff's prior actions, the Court concludes that the present complaint is duplicative of Plaintiff's prior complaints with regard to all of Plaintiff's present claims. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's complaint is subject to dismissal on the grounds that it is wholly duplicative and, therefore, frivolous.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court

---

[1] In action no. 1:24-cv-120, Plaintiff names Unknown Amsley as a defendant, but he does not name MTU as a defendant. *See* Am. Compl., *Jones v. MDOC et al. Jones v. MDOC et al.*, No. 1:24-cv-120 (W.D. Mich. Mar. 11, 2024), (ECF No. 7). The claim presented in the instant action is otherwise identical to the deprivation of breakfast claim presented in action no. 1:24-cv-120.

[2] In action no. 1:24-cv-217, Plaintiff names neither Unknown Amsley nor the MTU as defendants. Instead, he names the MDOC, the Ingham County Jail, and the People of the State of Michigan. *See* Compl., *Jones v. People of the State of Mich. et al.*, No. 1:24-cv-217 (W.D. Mich. Feb. 28, 2024), (ECF No. 1). The claim presented in the instant action is otherwise identical to the deprivation of breakfast claim presented in action no. 1:24-cv-217.

concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    This is a dismissal as described by 28 U.S.C. § 1915(g).

    A judgment consistent with this opinion will be entered.


Dated:   March 21, 2024                       /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge